COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


DEBORAH SPIVEY, S/K/A
 DEBORAH JANE SPIVEY
                                        OPINION BY
v.          Record No. 2829-95-1    JUDGE RICHARD S. BRAY
                                        JANUARY 14, 1997
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Norman Olitsky, Judge

         Dianne G. Ringer, Senior Assistant Public
         Defender, for appellant.

         Eugene Murphy, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


     Deborah Spivey (defendant) was convicted in a bench trial

for possessing both cocaine and marijuana with the intent to

distribute.  On appeal, she contends that the trial court

erroneously declined to suppress evidence resulting from an

unlawful "no-knock" entry incidental to the execution of a search

warrant and improperly received into evidence items omitted from

the related inventory.  Defendant also challenges the sufficiency

of the evidence to support the convictions.  Finding no error, we

affirm the decision of the trial court.

     In accordance with well established principles, we view the

evidence in the light most favorable to the Commonwealth.  On the

evening of December 14, 1994, Portsmouth police executed a search

warrant for defendant's residence.  The affidavit of Detective

Tammy Early given in support of the warrant, together with

Early's independent investigation, established that a confidential and reliable informant had observed "Debbie" distribute cocaine from the premises within the immediately preceding seventy-two hours. The informant further advised that "Debbie" distributed cocaine daily to "various persons" and "may possibly be in possession of a .38 handgun," was "known to have a .38."

Defendant's son, Duane, reportedly was her cocaine supplier and resided within "one city block." Duane frequently "stay[ed]" with defendant, often walking to her residence, and had recently been arrested for discharging a firearm into an unoccupied vehicle. When the warrant was executed, police were unable to determine if Duane was present on the property. Confronted with the "threat of two weapons," Early concluded that execution of the warrant by "knocking and announcing" would imperil the police officers and, therefore, authorized a "no-knock" entry, utilizing a "ramming" device.

Upon entering the residence, police observed defendant running from the living room into the kitchen. She was detained, and the ensuing search revealed cocaine, marijuana, and related paraphernalia throughout the home. A recent Virginia Power bill and a "notice" from Western Union, both addressed to defendant at the residence, were found on a desk in the living room, and cocaine was secreted in the "envelope slot" of the desk. In the kitchen, eleven bags of cocaine were discovered in a drawer, and

four bags of marijuana were hidden in a flour canister. A "big piece" of crack cocaine rested in plain view atop a dresser in the "front bedroom," together with two bags containing a total of seventy-one empty smaller plastic bags. Five bags of marijuana were also found in the bedroom, two inside a women's jewelry box, and three in a dresser drawer. Women's clothing, a pocketbook, jewelry, and underwear were also located in the room. A single bag of marijuana was discovered in a bathroom medicine cabinet. Cash totalling $232 was gathered from defendant's "purse" and elsewhere in the residence.

Officer Rivera prepared an inventory of the property seized during the raid, but neither the Virginia Power nor Western Union documents were listed. Rivera attributed the omissions to "inadvert[ance]," "an oversight on [his] part."

Rivera qualified as an expert in "the methods and devices used to distribute narcotics" in the City of Portsmouth and testified that the quantity of the cocaine discovered in the residence, no less than 12.9 grams having a total value of approximately $1,290, and the related packaging and paraphernalia were inconsistent with possession for personal use. He further testified that the quantity and packaging of the marijuana were also inconsistent with personal use.

### MOTION TO SUPPRESS

Defendant moved to suppress all evidence obtained during the search, arguing that it was the fruit of an improper no-knock

entry, and objected to the Virginia Power and Western Union exhibits because each had been excluded from the inventory. However, after consideration of memoranda of law and attendant argument of counsel, the trial court overruled both motions.[1]

In reviewing the ruling on a suppression motion, we assess the evidence in the "light most favorable to . . . the prevailing party below," the Commonwealth in this instance, and the decision of the court will be disturbed only if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Our consideration of the record includes evidence adduced at both trial and suppression hearings, if any. See DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987), cert. denied, 488 U.S. 985 (1988). To prevail on appeal, the defendant must "show . . . that the denial of [his] motion . . . constitute[d] reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

The Fourth Amendment requires "'that searches and seizures be reasonable.'" Wilson v. Arkansas, 115 S. Ct. 1914, 1916 (1995) (quoting New Jersey v. TLO, 469 U.S. 325, 337 (1985)); see Va. Const. art. I, § 10. "[T]he reasonableness of a search of a

---

[1]Contrary to defendant's contention that this ruling resulted solely from a recitation in the affidavit that defendant "may possibly be in possession of a .38 handgun," the trial judge expressly confirmed his consideration of "all the facts and testimony . . . rendered in the case."

dwelling may depend in part on whether law enforcement officers announced their presence and authority prior to entering." Wilson, 115 S. Ct. at 1916; see id. at 1918. "Generally, police officers, before resorting to forced entry into premises to be searched under warrant, must attempt to gain admittance peaceably by announcing their presence, identifying themselves as police officers and stating their purpose." Heaton v. Commonwealth, 215 Va. 137, 138, 207 S.E.2d 829, 830 (1974). While this "knock and announce" rule doubtless "gives notice to the suspects of the officers' presence and the suspects' possible impending apprehension, it . . . discourages violence and volatile confrontations and encourages orderly executions of search warrants." Hargrave v. Commonwealth, 21 Va. App. 320, 323, 464 S.E.2d 176, 177 (1995); see Johnson v. Commonwealth, 213 Va. 102, 104, 189 S.E.2d 678, 679 (1972), cert. denied, 409 U.S. 1116 (1973).

However, "[e]xceptions to the rule . . . permit officers to make an unannounced entry where they have probable cause to believe that their peril would be increased if they announced their presence or that an unannounced entry is necessary to prevent persons within from escaping or destroying evidence." Heaton, 215 Va. at 138, 207 S.E.2d at 830. "As an articulated legal standard, probable cause deals with probabilities concerning the factual and practical considerations in everyday life as perceived by reasonable and prudent persons." DePriest,

4 Va. App. at 584, 359 S.E.2d at 543 (quoting Washington v. Commonwealth, 219 Va. 857, 862, 252 S.E.2d 326, 329 (1979)). "[O]fficers are not required to possess either the gift of prophecy or the infallible wisdom that comes only with hindsight. They must be judged by their reaction to circumstances as they reasonably appeared to trained law enforcement officers to exist when the decision to enter was made." Commonwealth v. Woody, 13 Va. App. 168, 171, 409 S.E.2d 170, 172 (1991) (citing Keeter v. Commonwealth, 222 Va. 134, 141, 278 S.E.2d 841, 846, cert. denied, 454 U.S. 1053 (1981)). The Commonwealth bears the burden of proving probable cause in support of an unannounced entry. See Heaton, 215 Va. at 138, 207 S.E.2d at 830.

Here, a confidential and reliable informant had observed a recent drug sale at defendant's residence, an activity common to the premises, where defendant reputedly possessed a handgun. Defendant's son and drug supplier, Duane, resided nearby, was often at defendant's home and had been arrested ten days previously for shooting into an unoccupied vehicle. When the warrant was executed, Duane's whereabouts were unknown to the police. The officers were, therefore, cognizant that two firearms were possibly present in the residence, each in the possession of a drug dealer, one of whom had recently been charged with a weapons violation. Accordingly, Early's conclusion that a knock and announce entry would endanger police was reasonable and prudent and supported by the necessary

- 6 -

probable cause to justify the disputed no-knock entry.

### ADMISSIBILITY OF EVIDENCE OMITTED FROM INVENTORY

Code § 19.2-57 provides, in pertinent part, that:
> The officer who seizes any property [pursuant to a search warrant] shall prepare an inventory thereof, under oath. An inventory of any seized property shall be produced before the court designated in the warrant. The officer executing the warrant shall endorse the date of execution thereon and shall file the warrant, with the inventory attached . . . and the accompanying affidavit, . . . within three days after the execution of such search warrant in the circuit court clerk's office, wherein the search was made . . . .

Although the Virginia Power and Western Union exhibits were omitted from the inventory prepared and filed by Officer Rivera, noncompliance with Code § 19.2-57 does not require suppression of the evidence:
> "While violations of state procedural statutes are viewed with disfavor, . . . neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such violations[] . . . where no deprivation of the defendant's constitutional rights occurred." "'[H]istorically, searches or seizures made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right.'" . . . Code § 19.2-57 does not expressly command the suppression or exclusion of evidence for a violation of the statute. Moreover, [defendant] does not allege that his constitutional rights were violated.

West v. Commonwealth, 16 Va. App. 679, 692, 432 S.E.2d 730, 738-39 (1993) (citations omitted).

### SUFFICIENCY OF EVIDENCE

In assessing a challenge to the sufficiency of the evidence to support a conviction, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citation omitted) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence. See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994); McGee, 4 Va. App. at 322, 357 S.E.2d at 740; Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986).

- 8 -

Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs.  See Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); Eckhart v. Commonwealth, 222 Va. 447, 450-51, 281 S.E.2d 853, 855 (1981); Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (reh'g en banc).  Ownership or occupancy of the premises is likewise a circumstance probative of possession.  See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citing Code § 18.2-250).  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Here, defendant was alone in the residence and ran from the living room to the kitchen as police entered the home. Contemporary documents, personal to defendant and addressed to the subject premises, were discovered on a desk in the living room, together with cocaine.  Eleven bags of cocaine were found in a kitchen drawer.  A "big piece" of crack cocaine was in plain view on a dresser located in a bedroom, together with women's clothing, underwear, and jewelry.  Numerous bags of marijuana were discovered in the kitchen, bathroom, and bedroom.  The only reasonable hypothesis arising from such evidence is that defendant constructively possessed the cocaine and marijuana found both in plain view and stashed throughout her residence,

aware of the nature and character of the drugs.  See Wymer v. Commonwealth, 12 Va. App. 294, 300-01, 403 S.E.2d 702, 706-07 (1991) (evidence of constructive possession sufficient where accused and another occupied a residence, and drugs and paraphernalia were with accused's possessions).

Defendant's challenge to the sufficiency of the evidence to prove intent to distribute the drugs is also without merit. "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence."  Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  "In proving intent, various types of circumstantial evidence may be appropriate -- evidence concerning the quantity of drugs and cash possessed, the method of packaging, . . . whether appellant himself used drugs," Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d 527, 530 (1993), and the absence of evidence suggestive of personal use.  See Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978).

Officer Rivera testified that the method of packaging and the quantities of both the cocaine and marijuana were inconsistent with personal use.  He also testified that the presence of seventy-one empty small baggies suggested an intent to package and distribute the drugs.  Finally, the officers found no paraphernalia or other items related to personal use of the drugs.  Such evidence was sufficient to support the finding that defendant possessed the offending drugs with the requisite intent

to distribute.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>