COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


STEPFORN DAILEY

MEMORANDUM OPINION[*] BY

v.   Record No. 0555-97-2      JUDGE ROSEMARIE ANNUNZIATA

DECEMBER 9, 1997

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
Charles L. McCormick, III, Judge

S. Anderson Nelson (Watson & Nelson, P.C., on
brief), for appellant.

Michael T. Judge, Assistant Attorney General,
(Richard Cullen, Attorney General, on brief),
for appellee.


Stepforn Dailey (appellant) appeals his conviction for

breaking and entering in the nighttime with the intent to commit

murder, rape, or robbery on the basis that the evidence presented

at trial was insufficient to prove his guilt beyond a reasonable

doubt.  We disagree and affirm.

On June 30, 1996, Christine Rutledge arrived home after

shopping for groceries at 8:45 or 8:50 p.m.; at that time, it was

not fully dark, and she did not turn on the lights.  After she

had put away her groceries, Rutledge sat down to watch a movie

and her lights were on.  She then heard a scratching sound, and

turned to see appellant standing near her.  When asked what he

was doing there, appellant responded that, "I come in here to rob

you and kill you if you ain't got no money."  After Rutledge

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

responded that she only had a little money, appellant beat and raped her. Appellant put a knife to her throat. Appellant told Rutledge, "if you holler I'm go cut your throat." Rutledge identified appellant as the attacker.

After the attack, Rutledge discovered that a number of items, including her car, were missing. A pair of brass knuckles was found in the car following the incident. An investigating officer discovered that a window screen had been removed from a window at Rutledge's trailer and that the window had been raised. The investigator testified that the window appeared to be the attacker's point of entry.

On appeal, this Court reviews the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The verdict of the judge, sitting without a jury, "shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680. The credibility of witnesses, the weight accorded the testimony of witnesses, and the inferences to be drawn from proven facts are questions within the province of the trier of fact. Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997) (citing Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989)).

A defendant may be convicted under Code § 18.2-90 if he or

she "in the nighttime enters without breaking or at any time breaks and enters . . . any . . . manufactured home."  Contrary to appellant's argument that the Commonwealth failed to prove that a breaking took place, or that the entry into Rutledge's home took place at night, the evidence at trial, viewed in the light most favorable to the Commonwealth, was sufficient to prove beyond a reasonable doubt that appellant entered Rutledge's home after sunset.  Although Rutledge returned home when it was not "fully dark," she put away her groceries, sat to watch television, and heard him enter after she turned the lights on.  Furthermore, the evidence is sufficient to establish a breaking, regardless of the time of entry.  The evidence also establishes that a screen from a window had been removed.  Thus, that evidence was sufficient to prove beyond a reasonable doubt that appellant entered Rutledge's trailer by breaking.  See Phoung v. Commonwealth, 15 Va. App. 457, 460-61, 424 S.E.2d 712, 713-14 (1992) (holding that application of any slight physical force constitutes a "breaking").

Appellant further contends that the Commonwealth did not prove that he had the requisite intent to rape, rob, or murder at the time he entered Rutledge's home and that the evidence only supports the theory that appellant entered the home with the intent to commit larceny.  This contention is without merit.

Appellant told Rutledge that he had come into the house to rob her and kill her if she didn't have any money.  In addition,

3

appellant beat and raped Rutledge. During the rape, appellant stated, "if you holler I'm go cut your throat." Appellant's statements and action support the conclusion that he entered Rutledge's house with the intent to rob, murder, or rape her. See, e.g., Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991) ("Specific intent may be shown by circumstances, including by a person's conduct or by his statements." (citing Merritt v. Commonwealth, 164 Va. 653, 662, 180 S.E. 395, 399 (1935))).

We accordingly find the evidence supports the appellant's conviction beyond a reasonable doubt and affirm.

Affirmed.