COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


ROBERT WESLEY DEANS, JR.

                         MEMORANDUM OPINION[*] BY
v.  Record No. 1881-96-2      JUDGE ROSEMARIE ANNUNZIATA
                            FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


       FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
           Herbert C. Gill, Jr., Judge

       John H. Click, Jr. (White, Blackburn & Conte,
       P.C., on brief), for appellant.

       Daniel J. Munroe, Assistant Attorney General
       (Richard Cullen, Attorney General, on brief),
       for appellee.


    Robert Wesley Deans, Jr. (appellant) appeals his conviction
for possession of marijuana in a county jail on the basis that
the evidence presented at trial was insufficient to prove his
guilt beyond a reasonable doubt.  We agree and reverse his
conviction.

    On October 28, 1995, Chesterfield County deputies conducted
a search of the Chesterfield County Jail dormitory in which
appellant was housed.  The deputies ordered the inmates into the
center of the room and then removed them from the dorm.
Appellant occupied the bottom bunk of a bunk bed.  Deputy Brian
Michaels, the Commonwealth's only witness, searched appellant's
bed and the area surrounding the bed.  Underneath appellant's bed

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

were two jail-issued plastic tubs which inmates used to store their personal belongings. In one of the tubs, Michaels discovered two paper bags, one of which contained plastic bags of tortilla and potato chips.

Michaels checked each of the plastic bags of chips, and noticed that one of the bags had been resealed with a black putty substance and that it contained two balloons. Michaels opened the balloons; he believed that one balloon contained marijuana and that the other balloon contained a mixture of tobacco and marijuana. Michaels testified that he returned the paper bags to the plastic tub. Deputy Cardelino testified, however, that the bags and contents of both inmates' plastic tubs were placed on the bunk bed. When the inmates returned to the dorm, Michaels told appellant and the occupant of the top bunk to gather their personal belongings. Appellant gathered his possessions, and picked up the paper bag which contained the altered chip bag. Michaels then left the room. Subsequent testing confirmed that each of the balloons contained marijuana.

At trial, appellant presented the testimony of another inmate, James Davis, who testified that he, appellant, and a third inmate routinely kept items in the same bags to avoid theft by other inmates. Davis testified that the marijuana was his and that he had pled guilty to its possession. He testified that he had placed the marijuana in the paper bag earlier in the day of the search. The Commonwealth impeached Davis as a convicted

2

felon on cross-examination.

On appeal, this Court reviews the evidence "'in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom.'"  Phoung v. Commonwealth, 15 Va. App. 457, 460, 424 S.E.2d 712, 714 (1992) (quoting Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988)).  A jury's verdict "shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it."  Code § 8.01-680; Phoung, 15 Va. App. at 460, 424 S.E.2d at 714 (quoting Traverso, 6 Va. App. at 176, 366 S.E.2d at 721).  The credibility of witnesses, the weight accorded the testimony of witnesses, and the inferences to be drawn from proven facts are questions within the province of the jury.  Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997) (citing Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989)).

Possession of a controlled substance may be either actual or constructive.  McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citing Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983)).  To support a conviction for constructive possession on appeal, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts and circumstances which tend to show that the defendant was aware of both the presence and character of the

3

substance and that it was subject to his dominion and control."
Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740
(1984) (citing Eckhart v. Commonwealth, 222 Va. 447, 450, 281
S.E.2d 853, 855 (1981)).  The Commonwealth may show possession of
the controlled substance through circumstantial evidence provided
the evidence "excludes every reasonable hypothesis of innocence."
Spivey, 23 Va. App. at 724, 479 S.E.2d at 548 (citing, inter
alia, Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d
419, 420 (1994)).

The Commonwealth, relying upon the theory of constructive
possession, points to three pieces of evidence in support of
appellant's knowledge of the marijuana.

First, the Commonwealth points to the fact that, when told
to gather his belongings, appellant took the paper bag containing
the marijuana enclosed in the plastic chip bag.  This evidence
does not demonstrate, however, that appellant knew of the
"presence and character" of the marijuana which the bag had
contained.  Appellant's knowing possession of the paper bag does
not establish that he knew that the paper bag contained the chip
bag in question, much less that the chip bag contained marijuana.

Second, the Commonwealth argues that the proximity of the
marijuana to appellant's bunk supports the conclusion that he
knowingly possessed the controlled substance.  "While proximity
to a controlled substance is insufficient alone to establish
possession, it is a factor to consider when determining whether

4

the accused constructively possessed drugs." Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc) (citing Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982)). Thus, the proximity of the marijuana to appellant's bunk is some, but not sufficient, evidence of his knowledge of the contraband.

Finally, the Commonwealth contends that the evidence was sufficient to convict appellant because Davis' testimony was not credible, and the jury could choose to disregard it. Davis testified that he, appellant, and a third inmate kept their chips in a single paper bag to avoid theft by other inmates. Davis further testified that he had placed the chip bag containing marijuana in the paper bag earlier that day. Davis was impeached as a convicted felon. See, e.g., Doss v. Commonwealth, 23 Va. App. 679, 685, 479 S.E.2d 92, 95 (1996). Assuming without deciding that the jury concluded that Davis lied to conceal appellant's guilt, see Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc) (citing Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982)), that credibility determination is not sufficient to exclude the reasonable hypothesis that appellant had no knowledge of the contraband concealed in the bag he picked up when directed to gather his belongings. See Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 196 (1981); Tucker, 18 Va. App. at 144, 442 S.E.2d at 421.

Accordingly, we find the evidence insufficient to sustain the appellant's conviction beyond a reasonable doubt and reverse. See, e.g., Burchette v. Commonwealth, 15 Va. App. 432, 435-36, 425 S.E.2d 81, 84 (1992); Hairston v. Commonwealth, 5 Va. App. 183, 186-87, 360 S.E.2d 893, 895 (1987).

Reversed and dismissed.