COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Senior Judge Overton
Argued at Norfolk, Virginia


REGINALD SLADE

MEMORANDUM OPINION[*] BY
v.    Record No. 0122-98-1          JUDGE NELSON T. OVERTON
                                          APRIL 13, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Darell Sayer (Ferrell, Backus, Sayer, Nicolo
& Mobley, P.C., on brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Reginald Slade (appellant) appeals his conviction for

possession of cocaine in violation of Code § 18.2-250.  On

appeal, appellant argues that the trial court erred by failing

to grant his motion to suppress the evidence.  He also argues

that the evidence was insufficient to prove that he possessed

cocaine.  Finding no error, we affirm the conviction.

FACTS

Because we find that appellant's motion to suppress the

evidence was untimely made and was procedurally barred, we

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

recite only the facts as related to the sufficiency of the evidence.

On March 17, 1997, officers of the Newport News Police Department executed a search warrant at a residence located on 28th Street in Newport News. The search warrant authorized a search for evidence of selling and/or using narcotics at a residence. When the police entered the residence, they saw between ten and twenty people inside the residence. The police found appellant and a woman lying on a bed in a small bedroom located at the top of the stairs. The police also found a marble slab, a razor blade containing cocaine residue, and a silver knife containing cocaine residue in plain view on a dresser located a few feet from the bed on which appellant was lying when the police entered the bedroom. The officers recovered scales containing cocaine residue from the dresser drawer. The door to the bedroom was closed when the officers entered.

Officer Best testified that one could see the top of the dresser while lying on the bed. Appellant told the police that he had lived in the room for the past four months. The officers also recovered cocaine from a purse belonging to the woman who was in the room with appellant.

After the Commonwealth had presented its case-in-chief, and when the Commonwealth moved to admit into evidence the

certificates of analysis, appellant moved to dismiss the charge on the ground that the police made an "unlawful," "no-knock" entry into the residence in violation of appellant's Fourth Amendment rights. Appellant moved to suppress the evidence obtained by the police during their search of the residence. He also moved to strike the evidence. The trial court denied both motions.

## ANALYSIS

### I. Motion to Suppress

> Defense motions or objections seeking (i) suppression of evidence on the grounds such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Article I, Section 8, 10 or 11 of the Constitution of Virginia proscribing illegal searches and seizures and protecting rights against self-incrimination . . . shall be raised by motion or objection, in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial. A hearing on all such motions or objections shall be held not later than three days prior to trial, unless such period is waived by the accused, as set by the trial judge. The court may, however, for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time.

Code § 19.2-266.2.

Appellant did not file a written motion to suppress before the trial, and he moved to suppress the evidence only after the Commonwealth had presented its case-in-chief. Therefore,

appellant's motion was untimely. See id. Appellant also failed to show good cause for his failure to file a written motion or why the "ends of justice" required the trial court to consider the motion. Accordingly, the trial court did not err in denying the motion.

## II. Sufficiency of the Evidence

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

> Possession may be actual or constructive. Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citation omitted). "Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence." Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997).

> Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed

–4–

> such drugs.  Ownership or occupancy of the premises is likewise a circumstance probative of possession.  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."

Id. at 725, 479 S.E.2d at 548 (citations omitted).

From the evidence presented, the fact finder could infer beyond a reasonable doubt that appellant was aware of the presence and character of the cocaine and that it was subject to his dominion and control.  See id. at 724, 479 S.E.2d at 548. Although there were other people present in the residence at the time the officers executed the search warrant, only appellant and one woman were in the small bedroom where the police found the cocaine residue.  In addition, possession need not be exclusive and may be shared.  See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990).

Further, appellant admitted to the police that he had been living for four months in the room in which the drugs were found.  Moreover, the police found the cocaine and drug paraphernalia in plain view on the top of a dresser located a few feet from the bed on which appellant was lying.  Therefore, "[t]he only reasonable hypothesis arising from such evidence is that [appellant] constructively possessed the cocaine . . . found . . . in plain view . . . [and was] aware of the nature

and character of the drugs."  Spivey, 23 Va. App. at 725, 479 S.E.2d at 548.

For the foregoing reasons, we affirm the conviction.

Affirmed.