# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

    v.

Fells

May 3, 1999

Case No. CF990160

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant's Motion to Suppress certain evidence seized as the result of a traffic stop effected on January 10, 1999. The Motion must be granted.

The material facts are not in dispute. Defendant, operating his automobile during the early morning hours of January 10, 1999, was stopped by Officer Henry who observed that Defendant was not wearing a seat belt. No other cause nor any other traffic violations were observed by the officer, who testified that he believed he had the authority to stop a motorist for this "offense."

The statute mandating the use of seat belts, Code of Virginia § 46.2-1094, provides in pertinent part:

> F. No citation for a violation of this section shall be issued unless the officer issuing such citation has cause to stop or arrest the driver of such motor vehicle for the violation of some other provision of this Code or local ordinance relating to the operating, ownership, or maintenance of a motor vehicle or any criminal statute.

The statute provides a civil penalty of $25.00, the proceeds to be paid into the Literary Fund, and no demerit points are to be assigned on the DMV record of the violator. No court costs are to be assessed.

Hence, we have a statute that does not set out criminal conduct and, by implication, evinces a legislative intent that motorists not be stopped for investigation into this violation. The requirement is clearly set forth that some other cause to stop or arrest must be present.

The Commonwealth argues that the violation, if any, is one of a statutory right, not a Constitutional right. Hence, it is argued that the exclusionary rule of *Mapp v. Ohio*, 367 U.S. 643 (1961), and its progeny does not apply. See *West v. Commonwealth*, 16 Va. App. 679 (1993); *Spivey v. Commonwealth*, 23 Va. App. 715 (1997).

The Commonwealth misperceives the line of cases in Virginia that preclude exclusion of evidence for violations of statutory rights. Those cases deal with procedural matters such as the filing of search warrant returns and inventories and not with matters that directly implicate Fourth Amendment rights.

Here, Defendant's Fourth Amendment rights are clearly implicated. He was seized within the meaning of the Amendment when his car was stopped, his license surrendered to police, and he was unable to leave the scene. This seizure, furthermore, occurred without reasonable suspicion or probable cause to believe that a crime had been committed. This violation is not made a criminal offense but provides for "punishment" imposed by way of a civil penalty.

In addition, the statute, by implication, prohibits officers from stopping motorists under the circumstances here, i.e., without cause to stop or arrest other than the failure to wear a seat belt. While the statute has no express remedy of exclusion of evidence, the stopping of Fells implicates his constitutional right to be free from unreasonable searches and seizures.

Since the initial stop was in violation of his constitutional rights, all evidence seized as result thereof, including any statements made by Defendant, is suppressed.