COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


ANTHONY LEROY PERRY

                                    MEMORANDUM OPINION* BY
v.    Record No. 2667-99-2          JUDGE JERE M. H. WILLIS, JR.
                                         NOVEMBER 21, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                    Robert G. O'Hara, Jr., Judge

            Thomas E. Dempsey (Vergara & Associates, on
            briefs), for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Anthony Leroy Perry (appellant) was convicted in a bench

trial of breaking and entering with the intent to commit assault

and battery or larceny in violation of Code § 18.2-91.  On

appeal, he contends that the trial court erred:  (1) in refusing

to strike the Commonwealth's evidence, and (2) in overruling his

objection to the Commonwealth's attorney's referral to his

height during closing argument.  We affirm the judgment of the

trial court.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.   BACKGROUND

On December 12, 1998, Perry, Antonio Goode, and Jermaine Sample, knocked on Tracy Taylor's door and asked whether "Ernest" was there.  She told them that he was not there.  The three men walked away, but returned shortly thereafter in a Lincoln Continental.  Ms. Taylor saw Goode exit the car and run around to the back of her house.  Thereafter, she heard a gunshot and the sound of her back door being kicked down.  She ran across the street to Faye Parson's house and screamed for someone to call the police.  Ms. Taylor testified that from Ms. Parson's doorstep she saw Goode come out of her house and get into the Lincoln driven by Sample.

Ms. Parson, Ms. Taylor's neighbor, testified that she saw two black individuals exit Ms. Taylor's home and get into the car.  She stated that one was about 5'1" or 5'2" tall and the other "looked like a little boy" and was about her height -- 4'11" tall.

Shortly after receiving a police dispatch, Sergeant Joseph Sumner saw the Lincoln.  He testified that he looked "very carefully" at the faces of the occupants.  He identified Sample as the driver and Goode and Perry as front and rear seat passengers, respectively.  Sergeant Sumner's attention was particularly drawn to Perry, who "tried to hide himself in the back."  When Sergeant Sumner attempted to stop the car, it sped off and a high speed chase ensued.  When the car eventually came

-

to a halt, Goode and Perry attempted to flee on foot, but were apprehended.

At the conclusion of the Commonwealth's case, Perry moved to strike the evidence. The trial court denied the motion. Perry offered no evidence and renewed his motion to strike, arguing that nothing linked him to the scene of the crime. The Commonwealth argued that Perry's physical appearance was consistent with the description given by Ms. Parson who saw two men exit Ms. Taylor's house. The Commonwealth's attorney stated, "[t]he Court can see today that Mr. Perry is somewhat shorter [than Goode]." Perry objected to this comment, arguing that nothing had been entered into evidence concerning his height. The court overruled Perry's objection and found him guilty of breaking and entering.

## II. SUFFICIENCY OF THE EVIDENCE

Perry first contends that the evidence was insufficient to sustain his conviction. He argues that all reasonable hypotheses of his innocence were not eliminated, specifically the possibility that he entered the car after the offense occurred or, if he was in the car during the offense, that he remained in the car as a mere passenger.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside

-

> unless it appears from the evidence that the
> judgment is plainly wrong or without
> evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). Furthermore, "[c]ircumstantial evidence alone is sufficient to sustain a conviction." Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986).

Perry appeared on Ms. Taylor's porch with Goode and Sample immediately before the break-in, supposedly looking for someone they believed lived in her home. He was present in the car with Goode and Sample immediately following the break-in. He attempted to conceal himself as the get-away car passed by Sergeant Sumner. He fled on foot when the car was eventually stopped. Moreover, Ms. Parson, who witnessed the incident, testified that she observed two black men leave Ms. Taylor's home. She testified that one was about 5'1" or 5'2" tall and the other "looked like a little boy" and was about her size -- 4'11" tall. Perry and Goode fit Ms. Parson's general description of the race and height of the men she saw leaving Ms. Taylor's home.

-

"Whether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt."  Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986) (citation omitted).  Indeed, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (citations omitted).

A theory of innocence based upon speculation that Perry entered the car after the offense occurred or, if in the car during the offense, remained in the car as a mere passenger, does not flow from the evidence.  The credibility of the witnesses, the weight accorded the testimony and the inferences to be drawn from proven facts lie solely within the province of the trier of fact, provided such inferences are justified and reasonable.  See Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997).  It was not error for the trial court, having heard all the evidence, to infer that Perry participated in the breaking and entering of Ms. Taylor's house.

### III.  THE COMMONWEALTH'S ATTORNEY'S COMMENT

Perry next contends that the comment by the Commonwealth's attorney in closing argument referring to his height was

-

improper and the court erred in overruling his objection.  We disagree.

In this case, the identity of the person seen leaving Ms. Taylor's house was a fact at issue.  Thus, the Commonwealth called Ms. Parson, Ms. Taylor's neighbor who witnessed the event, to testify.  She gave a description of two black men who exited Ms. Taylor's house.  Although she could not specifically identify Perry as one of those individuals, her description was consistent with Perry's physical characteristics.  This evidence was sufficient to support the comment of the Commonwealth's attorney during his closing argument.  As the trier of fact, the trial judge was entitled to weigh Ms. Parson's testimony in light of his own observations of Perry's physical characteristics and to draw reasonable inferences regarding the identity of the man Ms. Parson saw leaving Ms. Taylor's house. See Spivey, 23 Va. App. at 724, 479 S.E.2d at 548 (stating that the credibility of witnesses, the weight accorded the testimony of witnesses, and the inferences to be drawn from proven facts are questions within the province of the trier of fact). Therefore, the court did not err in overruling Perry's objection to the Commonwealth's attorney's comment referring to Perry's height.

The judgment of the trial court is affirmed.

Affirmed.

-