# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Ashish Roy

June 11, 2001

Indictment for Possession of Cocaine: F-01-1554
Indictment for Suspended Operators License: M-01-1555

BY JUDGE MARGARET P. SPENCER

Ashish Roy filed, by counsel, a motion to reconsider his motion to suppress in the above-captioned matters. First, Defendant claims the police failed to execute the warrant "forthwith" as required by Code § 19.2-56. Second, he contends the search violated his Fourth Amendment rights because the search warrant's underlying probable cause was stale when the police executed the warrant. Finally, Defendant alleges *Leon*'s good faith exception does not apply. *See United States v. Leon*, 468 U.S. 897 (1984).

The court proceeded to a hearing on this motion on May 23, 2001, and hereby orders Defendant's motion to reconsider granted. After reconsidering all the evidence and finding no Fourth Amendment violation, however, the Court once again denies Defendant's motion to suppress for the reasons set forth herein.

On Friday, January 12, 2001, at 2206 hours, Sergeant C. D. Preuss of the Virginia Commonwealth University Police Department procured a search warrant authorizing the search of Defendant's residence. The warrant's supporting affidavit alleged facts provided by a reliable informant who

observed "within the past 48 hours from 2200 hours on January 12, 2001 . . . cocaine packaged for distribution while inside the residence." Defendant's Exhibit No. 1. The affidavit also stated the informant claimed to have seen "cocaine packaged for distribution in this apartment more than three times in the last two weeks." Defendant's Exhibit No. 1.

Sergeant Preuss and other members of the VCU Police went to the residence to execute the warrant on the day it was issued. The Defendant did not appear to be at the residence when the police arrived, and he did not return for the remainder of Preuss' shift. Consequently, the police did not execute the search warrant on the date of issuance.

Sergeant Preuss did not execute the search warrant in the days to follow because he was not scheduled to work two of the days, he attended a training class for three days and was diverted by other official duties after arriving to execute the warrant on two other days. Ultimately, the police did not execute the warrant until January 20, 2001, eight days after its issuance.

Code § 19.2-56 requires the warrant "command that the place be forthwith searched." This Section further states "[a]ny search not executed within fifteen days after issuance thereof shall be returned to, and voided by, the officer who issued such search warrant." This provision requires search warrants "be executed with reasonable dispatch." *Turner v. Commonwealth*, 14 Va. App. 737, 742 (1992) (finding an eleven day delay reasonable where officers followed department policy by not executing warrant when defendant not present).

Assuming, without deciding, the eight day execution delay was unreasonable, the exclusionary rule does not require the Court to suppress the evidence obtained as a result of this state procedural violation. "While violations of state procedural statutes are viewed with disfavor . . . neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such violations . . . where no deprivation of the defendant's constitutional rights occurred. [H]istorically, searches and seizures made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right." *Spivey v. Commonwealth*, 23 Va. App. 715, 723-24 (1997) (quotations omitted).

Here, no constitutional violation exists and Defendant was not prejudiced by the delay. "[W]hen a warrant has been issued based upon probable cause, whether probable cause continues to exist at the time the warrant is executed depends on the length of delay and the nature of the observed criminal activity, that is, whether the activity is an ongoing enterprise or an isolated incident." *Turner*, 14 Va. App. at 745.

In *Turner*, a magistrate issued a warrant based upon probable cause to believe "a large quantity of white tablets believed to be Dolophine" would probably be found at the defendant's residence. *Id.* at 746 (quotations omitted). "The delay of eleven days between issuing the warrant and the search, standing alone, did not vitiate the reasonable belief that contraband would be on the premises and in the possession of the described occupant." *Id.* Indeed, the Court considered the drug selling activity described in the supporting affidavit, by its very nature, an ongoing activity. *Id.*

In the present case, the warrant's supporting affidavit suggested a continuing enterprise of drug sales. A reliable informant observed cocaine packaged for distribution at the residence within 48 hours of the warrant's issuance. The informant also saw cocaine packaged for distribution at the residence "more than three times" in the two weeks prior to the warrant's issuance. Despite the delay, the warrant's underlying probable cause was not stale and the warrant was valid.

Without a constitutional violation, the Court turns to remedial measures provided in the Code of Virginia, 1950, as amended. Code § 19.2-56 does not supply a right of suppression for procedural violations. The Court will not exclude or suppress evidence absent a constitutional violation or a statutory right to suppression.

The Court will not consider Defendant's argument regarding the applicability of *United States v. Leon* as the Court's decision does not rely on *Leon*'s good faith exception.

Accordingly, the Court hereby orders Defendant's motion to suppress denied. The Clerk's Office shall mail a copy of this Order to Jay Peluso, counsel for Defendant, and Margaret Reed, counsel for the Commonwealth.