COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


CHRISTOPHER MICHAEL POWELL

MEMORANDUM OPINION[*] BY
v.    Record No. 2419-01-3    JUDGE RUDOLPH BUMGARDNER, III
SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Richard S. Miller, Judge Designate

Gregory W. Smith for appellant.

Marla Graff Decker, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Christopher Michael Powell appeals his conviction of

possession of cocaine with intent to distribute.  He contends

the trial court erred by admitting evidence seized when police

executed a search warrant after an unannounced entry.

Concluding the officers had reasonable suspicion to believe that

announcing their presence would be dangerous, we affirm.

The defendant must show reversible error when the evidence

is viewed most favorably to the Commonwealth.  Fore v.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

Investigator J.T. Loyd obtained a search warrant for the

defendant's apartment based on information supplied by a

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reliable and confidential informant. The informant had observed the defendant selling cocaine from that residence. The informant also advised he had seen a handgun in the defendant's residence. He made the observations within 48 hours of the police executing the warrant. The investigator's affidavit for the search warrant did not mention the presence of the handgun, and the warrant did not address unannounced entry.

Wilson v. Arkansas, 514 U.S. 927, 934-36 (1995), held police generally must knock, identify themselves, and state their purpose when executing a search warrant. However, police may enter forcibly when they have "a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Richards v. Wisconsin, 520 U.S. 385, 394 (1997).

In Spivey v. Commonwealth, 23 Va. App. 715, 479 S.E.2d 543 (1997),[1] a reliable informant told the police he had observed the defendant distribute cocaine in her residence within the last 72 hours. She distributed drugs daily and "may possibly be in possession of . . ." and was "known to have . . ." a .38 caliber

---

[1] Spivey was decided before Richards v. Wisconsin established that police needed reasonable suspicion, not probable cause, to justify a "no-knock" entry. Henry v. Commonwealth, 32 Va. App. 547, 552, 529 S.E.2d 796, 799 (2000), adopted reasonable suspicion as the proper standard to justify such entry.

handgun.  Id. at 719, 479 S.E.2d at 545.  Spivey's son supplied her with cocaine and frequently stayed at her residence.  The son had been arrested ten days earlier for shooting into an unoccupied vehicle.  When executing the search warrant, the police did not know his whereabouts.  This Court concluded the "no knock" entry was justified because the police knew two firearms were possibly present in the residence.  Id. at 722-23, 479 S.E.2d at 547.

The facts in Spivey constituted probable cause that announcing entry increased the peril to the officers executing the warrant.  In this case, the facts more strongly support a conclusion that the defendant was armed.  The information was more current, and it positively placed a gun inside the place to be searched.  When the police execute a search warrant for narcotics, there is a possibility of "sudden violence or frantic efforts to conceal or destroy evidence."  Michigan v. Summers, 452 U.S. 692, 702 (1981) (footnote omitted); United States v. Grogins, 163 F.3d 795, 798 (4th Cir. 1998).  The officers in this case had a current report of the presence of narcotics and a firearm.[2]  If the possibility of firearms constituted probable

_____

[2] The defendant argues that Investigator Loyd testified, "I didn't feel that this search warrant had any more danger possibilities than any other search warrant we do."  However, the standard is objective not subjective.  Spivey, 23 Va. App. at 722, 479 S.E.2d at 547.

cause in <u>Spivey</u>, the actual observation of one would constitute reasonable suspicion under <u>Richards</u>.  Accordingly, we affirm.

<u>Affirmed.</u>