COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Senior Judge Coleman
Argued at Chesapeake, Virginia


GEORGE ANTHONY WYATT

                                 MEMORANDUM OPINION[*] BY

v.    Record No. 2722-01-1      JUDGE SAM W. COLEMAN III
                                  DECEMBER 31, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

Charles B. Lustig, Assistant Public Defender,
for appellant.

Eugene Murphy, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


On appeal from his conviction for possessing cocaine, George Wyatt contends the trial court erred in denying his motions to suppress evidence seized from him following his arrest and to strike the seized evidence. Finding no error, we affirm Wyatt's conviction.

I.

In reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, and review the "evidence adduced at both the trial and suppression hearing." Greene v. Commonwealth, 17

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 606, 608, 440 S.E.2d 138, 139 (1994). See Spivey v. Commonwealth, 23 Va. App. 715, 721, 479 S.E.2d 543, 546 (1997). "'The burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). While we are bound to review de novo the ultimate questions of reasonable suspicion and probable cause, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Id. at 198, 487 S.E.2d at 261.

So viewed, the evidence established that on May 19, 2001, Officer V.K. Fountain encountered Wyatt at a corner building in the Jeffrey Wilson apartment complex, a property of the Portsmouth Redevelopment Housing Authority (PRHA). Fountain and Wyatt conversed briefly about Wyatt's presence on the property. During the conversation Wyatt talked about his having coached Fountain's sons in basketball. Fountain testified that he asked the dispatcher to check the name "George Wyatt" for warrants or trespassing warnings. When asked specifically on cross-examination what information he gave to the dispatcher, Fountain replied, "Mr. Wyatt's pedigree information. He had

-

provided that to me, his name, date of birth, [and] social security number."  Although Fountain's investigative narrative indicated that he "got Wyatt's name and ran it through dispatch," Fountain testified that this meant he had provided dispatch with Wyatt's name, date of birth, and social security number.  At trial, Fountain expressed certainty that he had provided the dispatcher with Wyatt's date of birth and social security number in addition to his name.

The dispatcher informed Fountain that another police officer previously had warned Wyatt to stay off the property.  Fountain arrested Wyatt for trespassing and searched him incident to the arrest.  Fountain found crack cocaine in the right front pocket of Wyatt's shorts.

## II.

On appeal, Wyatt contends Fountain did not possess probable cause to arrest him and that the trial court should have suppressed the evidence due to the unlawful arrest and ensuing search.

A police officer may arrest a suspect without a warrant where the officer has probable cause to believe that a misdemeanor has been committed in his presence.  See Langston v. Commonwealth, 28 Va. App. 276, 284, 504 S.E.2d 380, 383 (1998).

> "[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably

> trustworthy information, alone are
> sufficient to warrant a person of reasonable
> caution to believe that an offense has been
> or is being committed."  "The test of
> constitutional validity is whether at the
> moment of arrest the arresting officer had
> knowledge of sufficient facts and
> circumstances to warrant a reasonable man in
> believing that an offense has been
> committed."  To establish probable cause,
> the Commonwealth must show "a probability or
> substantial chance of criminal activity, not
> an actual showing of such activity."

Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (citations omitted).

Pursuant to Code § 18.2-119, a person is guilty of a Class 1 misdemeanor when he "goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof . . . ."  In denying the motion to suppress, the trial court resolved any conflict regarding Fountain's testimony in the Commonwealth's favor, and ruled that Fountain had provided the dispatcher with Wyatt's name, date of birth, and social security number.  We do not disturb this factual determination, which is supported by credible evidence in the record.  See Mills v. Commonwealth, 14 Va. App. 459, 468, 418 S.E.2d 718, 723 (1992) (where a trial court's factual finding is supported by credible evidence, it will not be overturned on appeal).  Upon supplying Wyatt's personal

information to the dispatcher and learning that Wyatt had been warned previously to stay off PRHA property, Fountain possessed probable cause to believe that Wyatt was violating Code § 18.2-119.  Accordingly, Fountain was justified in arresting Wyatt and in searching him incident to that arrest.  See United States v. Robinson, 414 U.S. 218, 224 (1973).

For the foregoing reasons, the trial court did not err in denying the motions to suppress and to strike the evidence. Wyatt's conviction is affirmed.

                                        Affirmed.

-