COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


TERRY LEE GREGORY
                                            OPINION BY
v.          Record No. 1635-97-2    JUDGE JERE M. H. WILLIS, JR.
                                          OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  John F. Daffron, Jr., Judge

          R. Donald Ford, Jr., for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.



     On appeal from his conviction in a jury trial for possession

of a firearm by a convicted felon, Code § 18.2-308.2, Terry Lee

Gregory contends that the evidence was insufficient to prove that

he possessed a firearm.  In resolving this question, we consider

(1) whether Gregory possessed the subject item, and (2) whether

the subject item was proved to be a firearm.  Finding no error,

we affirm the judgment of the trial court.

                              I.

                          BACKGROUND

     On January 3, 1997, Detective Mooney of the Chesterfield

County Police Department executed an outstanding arrest warrant

on Gregory.  He found in Gregory's pocket a magazine loaded with

ten rounds of .22 caliber ammunition.  Gregory told Mooney that

the weapon to which the magazine belonged was inside his trailer,

which was leased by Gregory and his wife.  After Gregory's wife

ignored Mooney's request to produce the weapon, Gregory asked her to bring it.  She asked where the weapon was located, and Gregory replied that it was in the closet.

Gregory's wife entered the trailer and returned with a .22 caliber Remington Model 522 semi-automatic rifle.  The loaded magazine found in Gregory's pocket fit into the rifle and locked in place.  Detective Mooney testified that a magazine is in the proper weapon if it locks into place.

## II.

### POSSESSION

"A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony, see Code § 18.2-308.2, requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm."  Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995). Gregory was not in actual possession of the rifle when he was arrested by Detective Mooney.  He contends that the evidence failed to prove that he possessed it constructively.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [item] and that it was subject to his dominion and control."

Id. at 469, 465 S.E.2d at 140 (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

Gregory concedes that he was aware of the presence and

- 2 -

character of the rifle.  He argues, however, that the evidence failed to prove that he exercised "dominion and control" over it.

One need not be found in actual possession of an item to prove his or her dominion and control over that item. "Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence."  Spivey v. Commonwealth, 23 Va. App. 715, 724, 479 S.E.2d 543, 548 (1997).[1]  A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession.  See id. at 725, 479 S.E.2d at 548; Logan v. Commonwealth, 19 Va. App. 437, 444-45, 452 S.E.2d 364, 369 (1994) (en banc); Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992); Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 924-25 (1991).

---

[1]In reviewing the sufficiency of the evidence to prove constructive possession of a firearm by a convicted felon, we are guided by analogous legal principles governing an accused's constructive possession of controlled substances.  See Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220 (1993).

Gregory exercised control over the trailer as a co-tenant.[2] He had recently exited the trailer. He possessed on his person a magazine that fit the rifle. He directed his wife to the precise location of the rifle in their trailer and directed her to produce it. She complied with that direction. Viewed in the light most favorable to the Commonwealth, Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), this evidence sufficiently supports the finding that the rifle was subject to Gregory's dominion and control. Thus, he knowingly and intentionally possessed the rifle. See Davis, 12 Va. App. at 733, 406 S.E.2d at 924-25 (finding sufficient evidence of knowledge, and dominion and control where marijuana found in defendant's house and he told police they could find it in the basement).

---

[2]While Gregory and his wife were co-tenants, possession of the trailer, as with possession of a firearm, need not be exclusive -- an accused may share dominion and control of the trailer with another. Compare Burchette, 15 Va. App. at 435, 425 S.E.2d at 84 (inference of possession of contraband located on premises requires showing that occupant exercised dominion and control over property and had knowledge of nature and presence of contraband), with Blake, 15 Va. App. at 708, 427 S.E.2d at 220-21 (accused may share firearm while retaining constructive possession); Eckhart v. Commonwealth, 222 Va. 447, 451, 281 S.E.2d 853, 855 (1981) (occupancy as co-tenant "is a factor to be considered with other evidence in determining whether [the accused] had constructive possession").

## III.

### PROOF THAT THE ITEM WAS A FIREARM

Gregory further contends that the evidence failed to prove that the Remington model 522 semi-automatic rifle was a "firearm."[3]

While not defined by Code § 18.2-308.2, a "firearm" for purposes of this statute is any device "that propel[s] a projectile by an explosion or discharge of gunpowder."  Jones v. Commonwealth, 16 Va. App. 354, 356, 429 S.E.2d 615, 616 (holding that a BB gun, which propels a projectile by pneumatic pressure, is not a "firearm"), aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993).  As we explained in Jones, "Code § 18.2-308.2 prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion, and it is not concerned with the use or display of a device that may have the appearance of a firearm."  Id. at 357-58, 429 S.E.2d at 617.  Thus, in determining whether an item is a "firearm," the Commonwealth must prove two discrete elements:  (1) that the weapon is designed or intended to expel projectiles by the discharge or explosion of gunpowder, and (2) that it is capable of doing so.

Clearly, the best method for proving that an item is a

---

[3]Code § 18.2-308.2 provides, in relevant part, that "[i]t shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm . . . ."

firearm is presentation of direct forensic evidence of the nature and operability of the item.  However, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

The evidence sufficiently supports the finding that the Remington model 522 semi-automatic rifle possessed by Gregory was designed or intended to expel a projectile by means of a gunpowder explosion.[4]  Although the Commonwealth failed to explain how the rifle operated or to present ballistics evidence, Detective Mooney examined the weapon and testified that it was a .22 caliber, Remington Model 522 semi-automatic rifle.  In his testimony, he referred to the weapon as a "firearm."  The rifle and the loaded magazine were introduced as exhibits and were evidence from which the jury could infer that the rifle was designed or intended to expel projectiles by the power of explosion of gunpowder.  Cf. Richardson v. Commonwealth, 21 Va. App. 93, 100, 462 S.E.2d 120, 124 (1995) (permitting inference that object was "firearm" in prosecution under Code § 18.2-308.2:2 where accused testified that he intended "to buy a firearm" that was listed on a firearms transaction form as a .38

---

[4]In his motion to strike, Gregory argued only that the Commonwealth failed to prove that the rifle was "designed or intended to propel a missile of any kind."  Accordingly, we do not address whether the evidence was sufficient to prove that the rifle could actually discharge a projectile.  See Rule 5A:18.

caliber pistol).

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>