COURT OF APPEALS OF VIRGINIA

Present:  Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


MARVIN L. HUNTER, III
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1904-99-1        JUDGE ROBERT J. HUMPHREYS
                                         JUNE 13, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Christopher W. Hutton, Judge

            Robert B. Wilson, V (McDermott & Roe, on
            brief), for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Marvin L. Hunter, III was convicted in a bench trial of

possession of cocaine and possession of a firearm after being

previously convicted of a felony.  Hunter argues in this appeal

that the evidence was insufficient as a matter of law to support

the charge of possession of a firearm by a person previously

convicted of a felony.  For the following reasons, we find no

error and affirm Hunter's conviction.

     On appeal, "we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Archer v. Commonwealth,

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

The relevant facts are that on November 4, 1998, officers of the Hampton Police Department executed a search warrant at 2901 Kecoughtan Road, Apartment 41-A, in Hampton, Virginia. The warrant authorized a search for controlled substances and related drug paraphernalia. Hunter was present when the warrant was executed and was detained. In a pat-down search of Hunter's person, police recovered a magazine to a semi-automatic Bersa handgun containing seven rounds of .380 ammunition from his left front pants pocket.[1] Police also recovered a .380 caliber Bersa semi-automatic handgun from a nearby closet shelf. At the time of its recovery, this weapon did not have a clip loaded into the frame.

Hunter has not challenged whether his proximity to the closet containing the weapon and his possession of the clip of ammunition constituted sufficient dominion and control for the

---

[1] The spelling of the manufacturer's name throughout the record is "Bursa." Appellant asserts on brief that the correct spelling is "Bersa," which is also the spelling utilized by the Commonwealth on brief.

-

purposes of establishing that he was in "possession" of the weapon. Thus, the sole question to be decided by this appeal is whether the weapon recovered is a "firearm" within the meaning of Code § 18.2-308.2.[2] As with any element of a criminal offense, the Commonwealth has the burden of proving this element beyond a reasonable doubt.

We have previously held that Code § 18.2-308.2 "prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion, and it is not concerned with the use or display of a device that may have the appearance of a firearm." Jones v. Commonwealth, 16 Va. App. 354, 357-58, 429 S.E.2d 615, 617 (1992), aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993). "[I]n determining whether an item is a 'firearm,' the Commonwealth must prove two discrete elements: (1) that the weapon is designed or intended to expel projectiles by the discharge or explosion of gunpowder, and (2) that it is capable of doing so." Gregory v. Commonwealth, 28 Va. App. 393, 400, 504 S.E.2d 886, 889 (1998).

> [T]he best method for proving that an item
> is a firearm is presentation of direct
> forensic evidence of the nature and
> operability of the item. However,
> "[c]ircumstantial evidence is as competent
> and is entitled to as much weight as direct

---

[2] Code § 18.2-308.2 provides in pertinent part that "[i]t shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm."

-

> evidence, provided it is sufficiently
> convincing to exclude every reasonable
> hypothesis except that of guilt."

Id. (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)).

We have previously held that the presentation of an object that appears to be a firearm when coupled with an implied assertion that the object is a functioning weapon is sufficient to support a finding that an object is a firearm. See Redd v. Commonwealth, 29 Va. App. 256, 259, 511 S.E.2d 436, 438 (1999).

Sitting as the trier of fact, the trial court found "beyond a reasonable doubt that the magazine upon the person of Marvin L. Hunter, III, was sufficiently contemporaneous with the possession of the weapon found in the closet and that their contemporaneous possession provided a substantial nexus to become a functional firearm with the ability to fire by explosion."

Taking the evidence in the light most favorable to the Commonwealth, we cannot say that the trial court was "plainly wrong" and, therefore, affirm Hunter's conviction.

Affirmed.

-