COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Humphreys
Argued at Richmond, Virginia


WAYNE RUSH MEADOWS
                                              OPINION BY
v.    Record No. 0543-00-2        JUDGE ROBERT J. HUMPHREYS
                                           APRIL 17, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ORANGE COUNTY
                 Lloyd C. Sullenberger, Judge

         Charles L. Weber, Jr., for appellant.

         Thomas M. McKenna, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.



     Wayne Rush Meadows appeals his conviction, after a jury

trial, of two counts of possession of a firearm by a felon.[1]  The

sole issue on appeal is whether the trial court erred in allowing

the Commonwealth to admit testimony of an oral statement given by

appellant to investigators, even though the statement had not been

provided in written form to appellant during pretrial discovery.

For the reasons that follow, we affirm the convictions.

_____

     [1] The first firearm charge was set forth in the indictment
as having occurred on or about October 19, 1998.  The second
firearm charge was set forth as having occurred several weeks
later, on or about November 24, 1998.  Appellant was also charged
with two counts of statutory burglary and two counts of grand
larceny.  Appellant was tried for these charges in a separate
trial, and they are not a subject of this appeal.

## I. Background

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that the home of Ronald Wise was burglarized on October 19, 1998, while he was away at work. Upon returning, Wise found his home "ransacked" and found that eleven firearms and a police scanner were missing. The screen to the living room window was out of place and the front door was locked, as it had been when he left for work that morning. There was also a bow, still leaning against the front door, where it had been left that morning.

The following day, Ron Meadows, appellant's brother, told Wise he had found Wise's .45 caliber Ruger pistol and a police scanner in a shed on his property. Appellant lived with Meadows at that time and also knew Wise and had spent time at Wise's home.

On or about October 20, 1998, Orange County Investigator Danny Call arrested appellant on unrelated charges. After administering Miranda warnings to appellant, Call asked appellant if he would speak to him about his knowledge concerning the burglary. Appellant agreed. However, Call was called away to

assist in recovering the Ruger and the police scanner. While Call was gone, appellant provided a written statement to Captain Brooks. In the statement, appellant stated that he saw an individual named Dennis Booth coming out of Wise's home on the day of the burglary, holding an armload of weapons. Appellant said that he told Booth he would keep silent about the burglary if Booth would agree to give him "half the money [sic]." Booth ultimately gave appellant the Ruger, the police scanner and a rifle. Appellant stated, "I did not touch the guns because I'm a felon, I only touched the .45 caliber with a rag."

Investigator Call testified that when he returned to the police station, he re-advised appellant of his rights and continued to question him. At that time, appellant told Call he had seen Booth enter Wise's house through a window and leave through the front door, carrying the guns. Call questioned appellant about what was inside the house, and appellant told him there was a bow leaning against the front door. Appellant said Wise told him about the bow. Call then telephoned Wise, who informed him he had not mentioned the bow to appellant. Call then confronted appellant with this information, and appellant became angry and accused Call of "tricking him."

Appellant objected to the questioning of Call concerning these statements. Appellant claimed he had requested all statements during discovery, pursuant to Rule 3A:11, and that

the statement had not been provided.  The Commonwealth responded that they had indeed provided the substance of the statement to appellant's counsel during oral discussions prior to trial but agreed the statement had not been reduced to writing.  Appellant conceded there was some discussion of inconsistencies in Meadows' initial statement but appellant's counsel indicated he could recall few details of that conversation with the prosecutor, except with regard to the inconsistencies concerning the location of the bow.  The trial court overruled the objection, finding that the Commonwealth had sufficiently complied with Rule 3A:11 in supplying the information to appellant orally.

## II.  Analysis

"There is no general constitutional right to discovery in a criminal case."  Henshaw v. Commonwealth, 19 Va. App. 338, 342, 451 S.E.2d 415, 417 (1994) (citation omitted).  Rule 3A:11(b)(1), which governs the discovery of statements by the accused in criminal cases, provides:

> Upon written motion of an accused a court shall order the Commonwealth's attorney to permit the accused to inspect and copy or photograph any relevant (i) written or recorded statements or confessions made by the accused, or copies thereof, or the substance of any oral statements or confessions made by the accused to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth, and (ii) written reports of autopsies, ballistic tests, fingerprint

analyses, handwriting analyses, blood, urine
and breath tests, other scientific reports,
and written reports of a physical or mental
examination of the accused or the alleged
victim made in connection with the
particular case, or copies thereof, that are
known by the Commonwealth's attorney to be
within the possession, custody or control of
the Commonwealth.

The issue of whether Rule 3A:11(b)(1) requires the

Commonwealth to reduce the substance of an oral statement to

writing is one of first impression.  Rule 3A:11(b)(1) allows the

accused to "inspect and copy or photograph" the items described

thereafter.  The term "inspect" is defined as "to view closely

and critically," Webster's Third New International Dictionary

1170 (1993); "[a] careful examination of something," Black's Law

Dictionary 799 (7th ed. 1999).  This term clearly modifies the

phrase requiring the Commonwealth to furnish the accused with

the "substance of any oral statements or confessions made by the

accused to any law enforcement officer."  Thus, while

recognizing potential difficulties in "critically analyzing"

what amounts to a paraphrase of a statement made by a defendant,

we hold that Rule 3A:11(b)(1) requires the Commonwealth to

reduce the substance of oral statements to writing, so they can

be properly inspected, copied or photographed by the accused, as

provided for in the Rule.  Nevertheless, "[i]n Virginia,

non-constitutional error is harmless '[w]hen it plainly appears

from the record and the evidence given at the trial that the

- 5 -

parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (citation omitted) (emphasis in original). Consequently, a criminal conviction will not be reversed if "it plainly appears from the record and the evidence given at the trial that the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the [finder of fact's] fact finding function, that, had the error not occurred, the verdict would have been the same." Id. (citation omitted).

Insofar as is relevant here, to prove a violation of Code § 18.2-308.2, the Commonwealth must establish that the accused was a convicted felon, that the accused possessed an object manufactured for the purpose of expelling a projectile by an explosion, and that the object was operational as a firearm or was readily capable of being made operational. See Gregory v. Commonwealth, 28 Va. App. 393, 400, 504 S.E.2d 886, 889 (1998); see also Williams v. Commonwealth, 33 Va. App. 796, 806-07, 537 S.E.2d 21, 26 (2000). In his original written statement, which had been provided to appellant in discovery and which was received into evidence with no objection from appellant, appellant conceded he was a convicted felon, that he possessed the firearm, and, further, that he knew his status as a

convicted felon barred him from doing so.[2]  Thus, the testimony concerning the oral statement made to Call was inconsequential to appellant's conviction for possession of a firearm by a convicted felon.

Accordingly, we find that any potential error in admitting the testimony of Call pertaining to appellant's oral statement was harmless, and we affirm the judgment.  See Galbraith v. Commonwealth, 18 Va. App. 734, 742, 446 S.E.2d 633, 638 (1994) (harmless error in a trial does not require reversal of the judgment).[3]

Affirmed.

---

[2] Appellant raises no argument concerning the operability of the Ruger pistol.

[3] In light of our finding of harmless error, we need not address whether substantial compliance by the Commonwealth in conveying the statement orally to defense counsel, while not reducing it to writing, would necessarily require that a trial court invoke any of the potential sanctions for discovery violations.