BENTON, Judge,
dissenting.
Applying Code § 18.2-308.2, a panel of this Court in Jones v. Commonwealth, 16 Va.App. 354, 429 S.E.2d 615 (1993), noted that “[t]he legislature has assigned various meanings to the term ‘firearm’ in [different] sections of Title 18.2,” id. at 356, 429 S.E.2d at 615-16, and concluded that “whether the term ‘firearm’ when used in a statute without being defined is to be given its traditional meaning or a more expansive meaning depends upon the purpose and policy underlying the particular statute.” Id. at 357, 429 S.E.2d at 616. Based upon a review of the various statutes, the decision further concluded as follows:
[W]hen a statute is designed only to proscribe the act of possessing a firearm or the conduct of a felon in order to reduce a real threat of harm to the public, a narrower, more traditional definition of “firearm” is required. See Timmons v. Commonwealth, 15 Va.App. 196, 200-01, 421 S.E.2d 894, 897 (1992) (“firearm” under statute penalizing the possession of a firearm while in possession of cocaine does not include “ ‘any object’ that [appears to have] capability of firing a projectile, even if it lacks that capability”).

Id.

It was in the context of a review of all the firearm statutes that Jones construed the term “firearm” in Code § 18.2-308.2 and held the following:
Code § 18.2-308.2 prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an *323 explosion, and it is not concerned with the use or display of a device that may have the appearance of a firearm. Therefore, we hold that the term “firearm” as used in Code § 18.2-308.2 is used in its traditional sense. The statute does not seek to protect the public from fear of harm caused by the display of weapons; rather, it is concerned with preventing a person, who is known to have committed a serious crime in the past, from becoming dangerously armed, regardless of whether that person uses, displays, or conceals the firearm.
Id. at 357-58, 429 S.E.2d at 617 (emphasis added). We affirmed that decision en banc. Jones v. Commonwealth, 17 Va.App. 233, 436 S.E.2d 192 (1993) (en banc).
In the eight years since Jones, neither the Supreme Court nor the legislature has reviewed or changed the definition of firearm that Jones applied to Code § 18.2-308.2. Indeed, because the General Assembly has revised the firearm statutes on several occasions without any indication that it has disagreed with our definition, “the General Assembly is presumed to use the language as judicially defined.” Williams v. Fairfax Co. Hous. Auth., 227 Va. 309, 314, 315 S.E.2d 202, 205 (1984). See also Burns v. Stafford County, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984).
Our decisions in Williams v. Commonwealth, 33 Va.App. 796, 537 S.E.2d 21 (2000), and Gregory v. Commonwealth, 28 Va.App. 393, 504 S.E.2d 886 (1998), have been faithful to the definition of firearm that we used in Jones and based on the construction of the statutes. The decision in Williams particularly and thoroughly analyzed Jones and the cases that followed Jones in determining the type of weapon which is proscribed by Code § 18.2-308.2. See 33 Va.App. at 800-08, 537 S.E.2d at 23-27.
The majority now interprets Code § 18.2-308.2 to require “only [that] ... the Commonwealth ... prove, as elements of the crime, that the accused is a convicted felon and that he or she possessed an object which was made with the purpose to expel a projectile by gunpowder or other explosion.” Al *324 though the majority professes to follow Jones, it has eliminated the significant element of that decision’s holding, the “actual capacity” of the firearm to operate. Simply put, the majority opinion has re-defined the term “firearm” as used in statutes we analyzed in Williams, Gregory, and Jones.
Regardless of whether the majority overrules Jones and its progeny or merely overrules Williams and Gregory, the majority makes no clear “inquiry ... whether flagrant error or mistake exists in the [prior] decision[s].” Pulliam v. Coastal Emergency Servs., 257 Va. 1, 10, 509 S.E.2d 307, 312 (1999). Those decisions have stood “without any indication to the bench, the bar, or the public that flagrant error or mistake exists in the decision[s].” Id. at 25, 509 S.E.2d at 321. Indeed, the Commonwealth in this case does not challenge the definition of “firearm” enunciated in Jones, Williams, and Gregory. These factors indicate that the principle needs no revision. Furthermore, the majority has chosen to jettison precedent, not in a tort or contract case involving the payment or non-payment of money to a party, but in a criminal case involving the liberty of a citizen of the Commonwealth.
Although, strictly speaking, judicial decisions do not implicate the Ex Post Facto Clause of the United States Constitution, see United States v. Wasserman, 504 F.2d 1012, 1015 (5th Cir.1974) (citing James v. United States, 366 U.S. 213, 247-48, 81 S.Ct. 1052, 1070-71, 6 L.Ed.2d 246 (1961) (separate opinion of JJ. Harlan and Frankfurter)), the same considerations bind the judiciary. Indeed, the United States Supreme Court has held as follows:
[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10, of the Constitution forbids. An ex post facto law has been defined by this Court as one ‘that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action,’ or ‘that aggravates a crime, or makes it greater than it was, when committed.’ If a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred by *325 the Due Process Clause from achieving precisely the same result by judicial construction.
Bouie v. City of Columbia, 378 U.S. 347, 353, 84 S.Ct. 1697, 1702,12 L.Ed.2d 894 (1964) (citation omitted).
Prior to today’s decision, the Commonwealth had to prove two discrete elements to demonstrate the existence of a firearm to convict an accused under Code § 18.2-308.2. Gregory, 28 Va.App. at 400, 504 S.E.2d at 889. With the majority opinion’s elimination of the “actual capacity” requirement from Jones, the Commonwealth will only have to prove one element. Such a radical lowering of the threshold for conviction changes the nature of the conduct proscribed and punishes conduct that was legal before the publication of the current opinion. As such, at the very least, it cannot apply in this case, where the evidence was insufficient to convict Armstrong under our prior interpretation of this statute. As stated in the dissent from the panel decision, “the Commonwealth failed to prove that ‘the weapon could be readily rendered functional.’ ” Armstrong v. Commonwealth, No. 1388-99-3, 2000 WL 1724998 (Va.Ct.App. Nov. 21, 2000) (quoting Williams, 33 Va.App. at 808, 537 S.E.2d at 27). Therefore, because the Commonwealth did not bear its burden of proof, we should reverse the conviction.
In conclusion, I believe that Jones and its progeny properly construed Code § 18.2-308.2 and that today’s majority’s view, which was not advanced on brief by either party, represents merely another way of looking at the same issue we previously decided. Its only compelling feature is that it has garnered a sufficient number of votes to overrule our prior decisions.
For these reasons, I would reverse the conviction. I dissent.