COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


CRAIG ANTONIO DAWSON

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1687-02-1          JUDGE WALTER S. FELTON, JR.
                                             APRIL 22, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   Walter J. Ford, Judge Designate

             Barrett R. Richardson (Richardson and
             Rosenberg, LLC, on brief), for appellant.

             Steven A. Witmer, Assistant Attorney General
             (Jerry W. Kilgore, Attorney General, on
             brief), for appellee.


     Craig Dawson was convicted in a bench trial of possession of

cocaine, in violation of Code § 18.2-250.  On appeal, Dawson

contends that the evidence was insufficient to prove beyond a

reasonable doubt that he possessed cocaine.  For the following

reasons, we affirm the judgment of the trial court.

                         I.  BACKGROUND

     On January 16, 2002, Detective B.J. Karpowski and several

other officers of the Portsmouth Police Department executed a

search warrant for drugs at 1520 Highland Avenue.  During the

execution of the warrant, Detective Karpowski entered the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

kitchen and observed Craig Dawson standing next to the counter. On the counter, two to three inches from Dawson, was a one-dollar bill with several pieces of an off-white, rock-like substance on it. Detective Karpowski believed the substance to be crack cocaine. There was nothing else on the counter. Chemical analysis determined the substance to be cocaine.

At trial, Detective Karpowski testified on cross-examination that Dawson was found in the kitchen standing near the counter. He was not a resident of the house. Detective Karpowski stated that Dawson's hands were not on the counter and he made no movements or gestures toward the cocaine. Only one other person was in the kitchen, and he was approximately six feet away from Dawson. When asked about the number of people that were found in the residence at the time the search warrant was executed, Detective Karpowski testified that there were approximately five people located in the house. In addition to the kitchen, drugs and drug paraphernalia were recovered from other areas of the house. Dawson was convicted of possession of cocaine, in violation of Code § 18.2-250.

## II. ANALYSIS

On appeal, Dawson contends the evidence was insufficient to prove beyond a reasonable doubt that he possessed cocaine. We disagree.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light

> most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it.

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

Dawson was convicted of possession of cocaine based on the theory of constructive possession. To support a conviction based on constructive possession of a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987).

Dawson argues there were no other factors, other than proximity to the drugs, to establish a connection between him and the drugs. He contends that mere proximity to the drugs cannot support his conviction for possession. Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). While it is true that proximity to a controlled substance is insufficient alone to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs. Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1997). "A person's ownership or occupancy of premises on which the subject item is found, proximity to the

-

item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession." Gregory v. Commonwealth, 28 Va. App. 393, 398, 504 S.E.2d 886, 888 (1998).

Although Dawson's mere proximity to the illicit drug is not alone sufficient to prove possession, and his occupancy of premises where other drugs and drug paraphernalia are found does not create a presumption of possession, the totality of the circumstances present in this case provides sufficient evidence for the trial court to reasonably conclude that Dawson was guilty beyond a reasonable doubt of possession of cocaine. See Walton v. Commonwealth, 255 Va. 422, 497 S.E.2d 869 (1998); Glasco v. Commonwealth, 26 Va. App. 763, 497 S.E.2d 150 (1998); Spivey v. Commonwealth, 23 Va. App. 715, 479 S.E.2d 543 (1997).

A search warrant for drugs was executed for the residence. Upon their entry, the officers found five individuals and evidence of drugs and drug use throughout the residence. Dawson was found in the kitchen, two to three inches from a dollar bill with crack cocaine on it. Nothing else was located on the counter, and no one else was in close proximity. The only other person in the kitchen was approximately six feet away from Dawson. That Dawson's hands were not on the counter and that he made no movements or gestures toward the cocaine were among all

-

the factors to be considered in the totality of the circumstances.

It was reasonable for the trial court to conclude that Dawson was aware that drugs were present and being used in the residence and that he knew of the presence and character of the substance located mere inches from him. Dawson's proximity to the drugs on the counter supports the trial court's finding that he exercised dominion and control over the cocaine. Based on the totality of the circumstances, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that Dawson possessed cocaine.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>