COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Haley
Argued at Chesapeake, Virginia


NATORIA SHENA McCLAIN

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2248-04-1                JUDGE JAMES W. HALEY, JR.
                                                   NOVEMBER 15, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Mark S. Davis, Judge

Sterling H. Weaver, Sr. (Weaver Law Offices, on brief), for
appellant.

Michael T. Judge, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Natoria S. McClain appeals from her conviction of possession with intent to distribute

cocaine.  McClain contends the trial court erred in denying her motion to suppress statements given

to police.  Appellant also challenges the sufficiency of the evidence.  We affirm.

I.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Peake v. Commonwealth,

46 Va. App. 35, 37, 614 S.E.2d 672, 674 (2005) (quoting Archer v. Commonwealth, 26 Va. App.

1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted)).

II.

At approximately 7:00 a.m. on February 20, 2004, police officers executed a search

warrant at 1015 Robinson Road in the City of Portsmouth.  Officers found McClain lying on a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

bed with a small child in the left rear bedroom of this residence. Officers secured McClain and turned her over to Detective Mark Anthony of the Portsmouth police. Officers found one rock of crack cocaine and $512 in between the mattress and box spring of that bed. Officers found no evidence to suggest defendant personally used cocaine.

Detective Anthony advised McClain of her rights and initiated questioning. Anthony questioned McClain sporadically at several locations over a period of three and a half to four hours. The questioning took place in five to ten minute intervals, totaling 30 to 45 minutes.

The Commonwealth, in response to a discovery motion filed in the circuit court, provided appellant three documents containing her statements to Detective Anthony. Those documents, 1) "oral statements of Natoria McClain," 2) "questions asked of Natoria McClain," and 3) "modified statements" of Natoria McClain, were provided six months prior to trial and formed the basis of appellant's motion to suppress.

Detective Anthony testified at the motion hearing that, shortly after his questioning of McClain, he typed out both a list of questions he had asked and oral statements McClain had made. Both were provided to her prior to the preliminary hearing. Anthony admitted that he had previously testified at the preliminary hearing that the "oral statements" and "questions asked" were all he remembered.

Anthony testified that, after the preliminary hearing, he prepared a more detailed account of his interaction with McClain, the "modified statements." Anthony testified,

> I went back through a painstaking process and tried to piece together almost word for word but obviously not word for word I guess better and more accurate and more descriptive conversations that I had with her over the course of the period of this incident; and there's broken-off conversations, five minutes here, ten minutes there. Some of those conversations took place at her home and some of those conversations took place at our office, and I have included in there things that probably are not relevant but because they were asked for, I put them in there anyway.

- 2 -

Anthony explained that he attempted to clarify the time line and provide more detail in the modified statement. However, the modified statement did state that McClain "acted surprised" when Anthony told her police found crack cocaine. Anthony's original statement did not contain this fact. Although his modified statement contains denials made by McClain, Anthony testified that he could not remember verbatim what she had said.

McClain alleged the Commonwealth violated discovery by not providing a detailed account of her denials. McClain also argued that Detective Anthony, despite his testimony at the preliminary hearing that his original statement was all he remembered, included an additional substantive fact in the modified statement. McClain's counsel argued, "Now [Anthony's] saying that Oh, I remember – Albeit, it's beneficial to my client, he's saying that I remember that she said she was surprised." McClain's counsel continued,

> What they have done is they put in there the majority of the things that they believe to be incriminating, and things that are exculpatory are left out because he says that when there was a denial, I don't recall what she said; when she acted surprised, I don't know whether she admitted or denied the presence there. And I would say to you that because so much information is left out of whatever statement that she made that I would say to you that none of the statement should be admitted into evidence.[1]

The trial court denied the motion to suppress and stated,

> [M]y comparison of the two [documents] produces nothing, nothing new that he recalled that Miss McClain said of any substance other than perhaps the statement about her being surprised when told that the piece of cocaine was under the mattress. And so, frankly, I believe his explanation as to preparing this modified statement from his memory and that there was nothing else he used to prepare it.

At the subsequent trial, Detective G.B. Smith testified that police found crack cocaine and currency under the mattress where McClain was sleeping. In addition, officers found several

---

[1] McClain did not provide any evidence at the suppression hearing as to the alleged content of any exculpatory statements that she alleged were not provided.

items of mail addressed to McClain and her driver's license in that same bedroom. Detective Anthony testified that McClain admitted she buys crack cocaine two to three times a week for the purpose of selling it "because she doesn't use it."

The trial court found McClain guilty based on her proximity to the cocaine, the presence of the other items in the bedroom, and her statement to Detective Anthony admitting to the sale of cocaine.

III.

Rule 3A:11(b)(1) provides,

> Upon written motion of an accused a court shall order the Commonwealth's attorney to permit the accused to inspect and copy or photograph any relevant (i) written or recorded statements or confessions made by the accused, or copies thereof, or the substance of any oral statements or confessions made by the accused to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth . . . that are known by the Commonwealth's attorney to be within the possession, custody or control of the Commonwealth.

This Court, in <u>Meadows v. Commonwealth</u>, 35 Va. App. 298, 303, 544 S.E.2d 876, 878 (2001), held, "Rule 3A:11(b)(1) requires the Commonwealth to reduce the *substance* of oral statements to writing, so they can be properly inspected, copied or photographed by the accused, as provided for in the Rule." (Emphasis added).

Appellant asserts that the Commonwealth failed to comply with Rule 3A:11(b)(1) because it did not provide details from statements made by McClain that Detective Anthony could not remember. Consistent with the holding in <u>Meadows</u>, the Commonwealth is required only to provide the *substance* of oral statements made by a criminal defendant, not a verbatim account of the statements. Since there was no verbatim account of the defendant's statements in the possession of the police, the Commonwealth cannot be expected to produce nonexistent items.

Though not binding on this Court, other jurisdictions have reached the same conclusion. See Commonwealth v. Solomonsen, 735 N.E.2d 411, 415 (Mass. App. Ct. 2000) ("A witness rarely can recite an oral conversation verbatim. All that in reason he can be asked to do is to give the substance of the talks." (citation omitted)); Cornell v. State, 302 S.E.2d 133, 134 (Ga. Ct. App. 1983) ("The state cannot be compelled to produce evidence not in its possession.").

IV.

Initially, with respect to appellant's sufficiency challenge, we note, "[t]he judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986). See also Code § 8.01-680. Additionally, the credibility of witnesses and the weight of the evidence are matters within the province of the trial court. Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

As this Court recently held:

> "The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." To support a conviction based upon constructive possession, "'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

Wilson v. Commonwealth, 46 Va. App. 408, 432-33, 617 S.E.2d 431, 443 (2005) (*en banc*) (citations omitted). Additionally, "'[f]or a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled substance contemporaneously with his intention to distribute

that substance.'" Dunbar v. Commonwealth, 29 Va. App. 387, 393-94, 512 S.E.2d 823, 826 (1999) (quoting Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991)).

Here, the trial judge found McClain guilty, based in large part on her admission to Detective Anthony that she buys cocaine two or three times a week for the purpose of resale. Based on that statement and the fact that McClain admitted "she doesn't use [cocaine]," the trial judge properly determined that she intended to sell the cocaine. Moreover, the presence of a large amount of cash and the lack of any evidence of personal use, both present here, prove intent to distribute. See White v. Commonwealth, 24 Va. App. 446, 453, 482 S.E.2d 876, 879 (1997); Poindexter v. Commonwealth, 16 Va. App. 730, 734-35, 432 S.E.2d 527, 530 (1993). Thus, she was certainly aware of the character of the substance, and her proximity, coupled with the lack of evidence of anyone else's use of the bedroom, to the cocaine, money, and other items seized during the search established dominion and control. The judge found Anthony's testimony on this point, along with the presence of these items, sufficient evidence upon which to base a conviction. We agree and affirm.

Affirmed.