COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Decker and O'Brien
Argued at Richmond, Virginia

CHRISTOPHER LEE WATSON

v.      Record No. 1214-16-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
JUNE 27, 2017

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

C. David Whaley (David Whaley, LLC, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Christopher Lee Watson ("Watson") was convicted of possession of a firearm by a felon,

and now appeals the March 4, 2016 decisions of the Circuit Court for the City of Richmond (the

"circuit court") denying Watson's motions to strike the evidence. Watson's single assignment of

error is that there was insufficient evidence to prove Watson knew about, and therefore could not

have knowingly possessed, a gun found in the trunk of his vehicle.

This Court reviews sufficiency of the evidence issues in the light most favorable to the

Commonwealth, and will reverse the circuit court's decision only if plainly wrong and without

evidence to support it. Blow v. Commonwealth, 52 Va. App. 533, 538, 665 S.E.2d 254, 256

(2008). "We are mindful that 'great deference must be given to the factfinder who, having seen

and heard the witnesses, assesses their credibility and weighs their testimony.'" Id. (quoting

Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988)).

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Watson was convicted under Code § 18.2-308.2, which prohibits previously convicted felons from "knowingly and intentionally" possessing or transporting a firearm. "A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). Whether a person is in constructive possession of an object is a factual determination. Smallwood v. Commonwealth, 278 Va. 625, 631, 688 S.E.2d 154, 157 (2009). To establish constructive possession of the firearm by a defendant, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." Bolden, 275 Va. at 148, 654 S.E.2d at 586 (quoting Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006)).

"A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession." Gregory v. Commonwealth, 28 Va. App. 393, 398, 504 S.E.2d 886, 888 (1998). The fact that a suspect is the sole occupant of a vehicle with sole access to contraband that is found in that vehicle is a factor weighing in favor of the suspect's guilty knowledge of the contraband's presence in the vehicle. Ervin v. Commonwealth, 57 Va. App. 495, 510-12, 704 S.E.2d 135, 142-43 (2011).

Here, because there was neither eyewitness nor forensic evidence proving Watson had actual possession of the gun, and because the gun was found in the trunk of Watson's car, the case relies on constructive possession and circumstantial evidence. "[I]n a circumstantial evidence case, such as the case currently before us, the accumulation of various facts and

inferences, each mounting upon the others, may indeed provide sufficient evidence beyond a reasonable doubt of a defendant's guilty knowledge of contraband."  Id. at 505, 704 S.E.2d at 140.

On August 1, 2015, after a routine traffic stop,[1] Officer Henry Johnson ("Officer Johnson") found a Smith and Wesson semi-automatic handgun in the trunk of Watson's vehicle. The vehicle was jointly registered to Watson and his girlfriend, but Watson was the sole occupant of the vehicle at the time—each factors that weigh in favor of a finding that Watson had guilty knowledge of the gun's presence in his vehicle.  Gregory, 28 Va. App. at 398, 504 S.E.2d at 888; Ervin, 57 Va. App. at 510-12, 704 S.E.2d at 142-43.  Further, after Officer Johnson found the gun, Watson immediately attempted to negotiate, asking whether the officer would let him go if he could get "two more guns."  Watson did not act surprised when the officer found the gun.  Rather, his demeanor was calm and monotonous.

The most dispositive fact in this case is that Watson called his girlfriend and, within earshot of Officer Johnson, told her "They found *the* gun, I'm going to jail."  Although Watson contends that the circuit court incorrectly relied upon Officer Johnson's testimony that Watson said "*the* gun" and not "*your* gun" or "*a* gun," Watson points to no evidence to contradict or suggest that the officer's testimony was inherently incredible.  In the absence of such evidence, this Court must defer to the circuit court's determination of the credibility of the witnesses, Blow, 52 Va. App. at 538, 665 S.E.2d at 256, and it is clear here that the circuit court found Officer Johnson's testimony to be credible.  Thus, viewed in the light most favorable to the Commonwealth, Watson's statement, "They found the gun" indicates his knowledge that the gun

---

[1] Due to issues with drugs in the precinct, it was the regular police practice at the time to call a canine officer for every traffic stop; thus, Officer Johnson called a canine officer while he was checking Watson's DMV records from the vehicle.  When the canine arrived at the scene, it alerted to drugs in the "front center console area."  The resulting search lead to the discovery of the handgun.

was in the vehicle. Each of these facts, when taken together, was sufficient for the circuit court to conclude that Watson knew of the gun's presence in the vehicle.

For these reasons and based on the totality of the circumstances, we hold that the circuit court did not err when it found the evidence sufficient to prove that Watson, a convicted felon, possessed the firearm found in the trunk of his vehicle.

<u>Affirmed.</u>