COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Annunziata
Argued at Norfolk, Virginia

UNPUBLISHED

KEVIN ANTOINE THOMAS

v.        Record No. 1322-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
OCTOBER 2, 2018

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

David W. Anderson, II, Assistant Public Defender, for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Kevin Antoine Thomas ("appellant") was convicted of possession of a firearm after having

been previously adjudicated delinquent as a juvenile, in violation of Code § 18.2-308.2(A).  He

argues the trial court erred in denying his motion to strike because the evidence was insufficient to

prove that he possessed the firearm.  Appellant further argues the trial court erred in limiting his

cross-examination of a witness.  For the reasons that follow, we affirm.

I.  BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light

most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the

Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence.'"

Sidney v. Commonwealth, 280 Va. 517, 520, 702 S.E.2d 124, 126 (2010) (quoting Murphy v.

Commonwealth, 264 Va. 568, 570, 570 S.E.2d 836, 837 (2002)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On the evening of September 12, 2016, Officer Matthew Grant of the Hampton University Police Department stopped a car that did not have its license plates properly displayed. Appellant was driving the car. When Grant asked appellant for his driver's license, he replied that he did not have one and admitted that his license had been suspended.

Grant smelled a faint odor of marijuana coming from the car and asked appellant if there were any drugs or weapons inside the vehicle. Appellant stated that there was a small amount of marijuana in the center console, and "attempted to reach for the center console to open [it]." Grant told appellant not to reach for the console and instructed him to place his hands on the steering wheel. He again asked appellant if there were any weapons in the car, and appellant replied, "I'm not sure."

After placing appellant in investigative detention, Grant searched the car. He first searched the center console where appellant had indicated there was marijuana. The console had a latch but no lock and consisted of a top level and a bottom level. In the top level, Grant found a round of ammunition. In the bottom level, he found an unloaded firearm. In the floorboard on the driver's side, Grant discovered a magazine containing ammunition. The magazine was in plain view and "would have been right between [appellant's] feet while he was driving the vehicle." Grant found no marijuana in the center console, but did find small amounts of the drug in the car's cup holder and in the floorboard on the passenger's side.

The Virginia Department of Forensic Science analyzed the firearm, magazine, and ammunition and determined that the weapon was a nine-millimeter Luger pistol. The magazine was successfully used to test-fire the gun. Appellant was indicted for possession of a firearm

after having been previously adjudicated delinquent as a juvenile, in violation of Code § 18.2-308.2(A).[1]

During cross-examination at trial, appellant's counsel questioned Officer Grant about the car appellant was driving. Grant testified that, after the traffic stop, he released the car to Shaminece Hawkins. When counsel asked Grant if Hawkins was the car's owner, the Commonwealth objected on hearsay grounds. The trial court sustained the objection with respect to the question of ownership, but allowed counsel to ask Grant why he released the car to Hawkins. When counsel later asked Grant, "The vehicle didn't belong to [appellant]?" the Commonwealth renewed its hearsay objection. Appellant's counsel argued that the identity of the car's owner was not an out-of-court statement, but rather "a fact that the officer can be aware of." The Commonwealth responded that ownership of the car was "something that [Grant] could not know unless he was told by a separate party; therefore, it is speculation. And anything he [was] told is based on hearsay."

Outside the presence of the jury, Grant was further questioned by appellant's counsel and the trial court. Counsel asked Grant whether he would release a vehicle to its owner after a traffic stop if the individual who had been driving it was not the owner. Grant replied that "[i]t varies case by case." He also stated that in such situations he would typically verify the identity of the vehicle's owner, but that in the present case he did not recall doing so. Grant confirmed that he had completed a police report which indicated he had verified the owner's identity. He testified that, according to his report, appellant was not the car's owner. When the court asked,

---

[1] Appellant was originally indicted for possession of a firearm after having been previously convicted of a violent felony, in violation of Code § 18.2-308.2(A)(i). The indictment was later amended to reflect an alleged violation of Code § 18.2-308.2(A)(iii). Appellant stipulated that he was previously adjudicated delinquent as a juvenile for robbery; the robbery occurred when he was over fourteen years old and would have been a felony had he been convicted as an adult; and he was under the age of twenty-nine at the time of the instant offense. See Code § 18.2-308.2(A)(iii).

"[y]our report indicates that somehow you verified that Ms. Hawkins was the owner?" Grant stated, "[t]hat would be correct. Somehow, some way, either through a third party or through a registration. I do not recall a registration being given." Grant clarified that by a "third party," he meant "[a] dispatcher." The trial court sustained the Commonwealth's objection, ruling that Grant could not be cross-examined to authenticate or verify the car owner's identity because Grant's testimony "would quite possibly be not only speculative, but hearsay."

At the close of the Commonwealth's evidence, appellant moved to strike. The trial court denied the motion. Appellant's renewed motion to strike was also denied. The jury convicted appellant, and this appeal followed.

## II. ANALYSIS

Appellant argues the trial court erred in denying his motion to strike, because the evidence was insufficient to prove that he possessed the firearm in question. He further argues the trial court erred in sustaining the Commonwealth's objection and preventing him from cross-examining Grant about the car's ownership. We address these arguments in turn.

### A. Motion to Strike

Appellant argues the trial court erred in denying his motion to strike, because there was no evidence that he actually possessed the firearm found in the car and the evidence of constructive possession was insufficient. He contends the Commonwealth presented only circumstantial evidence of constructive possession, which failed to exclude his reasonable hypothesis of innocence that he did not know the firearm was in the car.

"A motion to strike challenges whether the evidence is sufficient to submit the case to the jury." Lawlor v. Commonwealth, 285 Va. 187, 223, 738 S.E.2d 847, 868 (2013). What elements must be proved to convict for an offense "is a question of law that we review *de novo*. Whether the evidence adduced is sufficient to prove each of those elements is a factual finding,

- 4 -

which will not be set aside on appeal unless it is plainly wrong." Id. at 223-24, 738 S.E.2d at 868. In conducting our review of the trial court's factual finding, we view the evidence in the light most favorable to the Commonwealth and give it the benefit of all reasonable inferences fairly deducible from the evidence. Id. at 224, 738 S.E.2d at 868. The question then is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting McNeal v. Commonwealth, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011)). If there is evidence to support the conviction, we are not permitted to substitute our judgment, "even if [our] view of the evidence might differ from the conclusions reached by the finder of fact at the trial." Id.

Code § 18.2-308.2(A)(iii) provides, in pertinent part, that it shall be unlawful for "any person under the age of 29 who was adjudicated delinquent as a juvenile . . . to knowingly and intentionally possess or transport any firearm." A conviction for the unlawful possession of a firearm "can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." Smallwood v. Commonwealth, 278 Va. 625, 630, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). To prove constructive possession, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." Id. "While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." Id. at 630-31, 688 S.E.2d at 156-57. Further, ownership or occupancy of a vehicle in which the firearm is found "is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over

items" in the vehicle, "in order to prove that the owner or occupant constructively possessed the [firearm]." Redmond v. Commonwealth, 57 Va. App. 254, 264-65, 701 S.E.2d 81, 86 (2010) (quoting Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992)). To support the inference that the vehicle's owner or occupant constructively possessed the firearm, "the owner or occupant must be shown to have exercised dominion and control over the [vehicle] and to have known of the [firearm's] presence, nature and character . . . at the time of such ownership or occupancy." Id. at 265, 701 S.E.2d at 86 (quoting Burchette, 57 Va. App. at 435, 425 S.E.2d at 84). The question of what constitutes constructive possession "is largely a factual one." Smallwood, 278 Va. at 630, 688 S.E.2d at 156 (quoting Ritter v. Commonwealth, 210 Va. 732, 743, 173 S.E.2d 806, 807 (1970)). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Armstead v. Commonwealth, 56 Va. App. 569, 580-81, 695 S.E.2d 561, 566 (2010) (quoting Harper v. Commonwealth, 49 Va. App. 517, 521-22, 642 S.E.2d 779, 781 (2007)).

Appellant's argument is without merit. The evidence at trial established that appellant was driving the car stopped by Officer Grant. As such, appellant was in close proximity to the firearm in the center console—a circumstance probative of constructive possession. Appellant also told Grant there were drugs in the console and reached for the console. Although there were no drugs in that part of the car, a reasonable inference from appellant's statement and conduct is that appellant knew the console contained contraband—a firearm and a round of ammunition— and he wanted to retrieve or further conceal that contraband from police. See Clarke v. Commonwealth, 32 Va. App. 286, 305-06, 527 S.E.2d 484, 494 (2000) (holding that where the defendant was the car's sole occupant and he had reached behind his seat to a seat pocket which contained a handgun, the evidence supported an inference that he knew of the gun's presence and

constructively possessed it). Further, a magazine which fit the firearm and contained ammunition was in plain view in the driver's side floorboard where appellant's feet would have been while he was driving the car. See Redmond, 57 Va. App. at 266, 701 S.E.2d at 87 (noting that ammunition in plain view in a foyer was evidence supporting the defendant's knowledge and constructive possession of firearms found elsewhere in the home); Gregory v. Commonwealth, 28 Va. App. 393, 398-99, 504 S.E.2d 886, 889 (1998), overruled in part by Armstrong v. Commonwealth, 36 Va. App. 312, 549 S.E.2d 641 (2001) (*en banc*), (noting that the defendant's actual possession of a loaded magazine that fit a rifle found in a closet was evidence supporting his dominion and control over, and constructive possession of, the rifle). Lastly, appellant's status as the sole occupant of the car was a circumstance, taken together with the other evidence, tending to prove that appellant exercised dominion and control over the firearm. Viewing this evidence and all reasonable inferences fairly deducible from it in the light most favorable to the Commonwealth, we conclude that a rational trier of fact could have found that appellant constructively possessed the firearm because he was aware of its presence and character and it was subject to his dominion and control. Consequently, the trial court did not err in denying appellant's motion to strike.[2]

---

[2] With respect to appellant's argument that the circumstantial evidence failed to exclude his reasonable hypothesis of innocence, we note that "the reasonable-hypothesis principle 'merely echoes "the standard applicable to every criminal case."'" Commonwealth v. Moseley, 293 Va. 455, 464, 799 S.E.2d 683, 687 (2017) (quoting Vasquez v. Commonwealth, 291 Va. 232, 250, 781 S.E.2d 920, 930 (2016)). "It is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" Id. (quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)). Thus, "[b]y finding [a] defendant guilty, . . . the fact[]finder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" Edwards v. Commonwealth, 68 Va. App. 284, 301, 808 S.E.2d 211, 219 (2017) (alteration in original) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004)).

B.  Limitation of Cross-Examination

Appellant also argues the trial court erred when it sustained the Commonwealth's objection and did not permit him to cross-examine Officer Grant about the car's ownership. Specifically, he contends that information about the car's ownership was not hearsay, but instead simply "a statement of the result of the investigation made by the person conducting the investigation.  As a result, there is not an out of court declarant."

Based on the record, we need not decide whether the trial court erred in sustaining the Commonwealth's hearsay objection because any alleged error by the court was clearly harmless. Under well-established principles, "[a] non-constitutional error is harmless when it 'plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'"  Anderson v. Commonwealth, 282 Va. 457, 466, 717 S.E.2d 623, 628 (2011) (quoting Rose v. Commonwealth, 270 Va. 3, 11-12, 613 S.E.2d 454, 458 (2005)).  See also Code § 8.01-678.  Only if "'the alleged error substantially influenced' the finder[ ]of[ ]fact" can we say such error was not harmless.  Anderson, 282 Va. at 467, 717 S.E.2d at 628 (quoting Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001)).  If, however, "when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and judgment should stand."  Id. (quoting Rose, 270 Va. at 12, 613 S.E.2d at 458).

Here, any error was harmless because "[o]wnership or occupancy" of a vehicle in which a firearm is found is evidence which, together with other evidence, can support a finding that the owner or occupant constructively possessed the firearm.  Redmond, 57 Va. App. at 264-65, 701 S.E.2d at 86 (alteration in original) (emphasis added) (quoting Burchette, 15 Va. App. at 435, 425 S.E.2d at 83).  It is uncontroverted that appellant was the sole occupant of the car stopped by Officer Grant, inside of which a firearm was found.  Thus, the question of the car's ownership

was not dispositive. Even if Grant had testified that appellant was not the owner of the car, appellant's occupancy of the car would have provided the jury with an alternative basis to support its finding that appellant constructively possessed the firearm.[3] Therefore, based on the record, it is clear that any testimony about the car's ownership could not have influenced the jury or would have had but slight effect. Consequently, even if the trial court's limitation of cross-examination was in error, that error was harmless.

## III. CONCLUSION

The evidence was sufficient to convict appellant of possession of a firearm after having been previously adjudicated delinquent as a juvenile, in violation of Code § 18.2-308.2(A). Further, assuming without deciding that the trial court erred in sustaining the Commonwealth's objection and limiting appellant's cross-examination, any such error was harmless. Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>

---

[3] The trial court instructed the jury that "[o]wnership or occupancy of the vehicle in which the firearm is found . . . is a fact which may be considered" in determining whether the owner or occupant "either knowingly or intentionally possessed such a firearm."